NOT FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 2009-35 |
| JORGE M. CAREW and DE'NEAN COLEMAN-CAREW, | ) ) ) ) | |
| Defendants. | ) ) | |

ATTORNEYS:

**Eric E. Woodbury, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**Jorge M. Carew**
    *Pro se defendant.*

**De'Nean Coleman-Carew**
    *Pro se defendant.*

## ORDER

**GÓMEZ, C.J.**

The plaintiff in this matter, Banco Popular de Puerto Rico ("Banco Popular"), commenced this debt and foreclosure action in February 2009 against the defendants, Jorge M. Carew and De'Nean Coleman-Carew (together, the "Defendants"). At Banco Popular's request, the Clerk of Court entered default against the Defendants in April 2009. Thereafter, Banco Popular sought

default judgment against the Defendants. The Court granted that motion on July 28, 2009 and entered default judgment against the Defendants.

Banco Popular now seeks to recover attorney's fees in the amount of $3,506.30 and costs in the amount of $391.96 incurred in litigating this matter. In support of its petition, Banco Popular has submitted the affidavit of one of its attorneys as well as two ledger reports detailing its claimed fees and costs.

The Virgin Islands Code provides for the recovery of attorney's fees and costs:

> (1) Fees of officers, witnesses, and jurors;
> (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
> (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
> (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
> (5) Necessary expense of copying any public record, book, or document used as evidence in the trial; and
> (6) Attorney's fees as provided in subsection (b) of this section.

V.I. CODE ANN. tit. 5, § 541(a). The statute further provides that "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." *Id.* at (b).

"For work to be included in the calculation of reasonable attorneys' fees, the work must be 'useful and of a type

ordinarily necessary' to secure the final result obtained from the litigation." *Planned Parenthood v. AG*, 297 F.3d 253, 266 (3d Cir. 2002) (quoting *Pennsylvania v. Del. Valley Citizens' Council*, 478 U.S. 546, 561 (1986)); *see also Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir. 1993) (noting that reasonable attorney's fees may include charges for measures necessary to enforce district court judgments as well as other charges "reasonably expended" to advance the litigation). To that end, the Court considers "the time and labor required, the novelty and difficulty of the questions involved, the skill requisite properly to conduct the cause, the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of the compensation." *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1207 (3d Cir. 1969). A fee award decision rests in the sound discretion of the court. *See Jo-Ann's Launder Ctr., Inc. v. Chase Manhattan Bank*, 31 V.I. 226, 234 (D.V.I. 1995); *Bedford v. Pueblo Supermarkets of St. Thomas, Inc.*, 18 V.I. 275, 277 (D.V.I. 1981). A court "must explain on the record the reasons for its decisions." *Rode v. Dellarciprete*, 892 F.2d 1177, 1187 (3d Cir. 1990)

Applying the standard outlined above, the Court finds that

only some of the fees and costs claimed by Banco Popular were reasonably expended, but that most of those fees and costs are not reasonable.

For instance, Banco Popular requests reimbursement for work that was billed excessively or repeatedly. The Court will exclude those entries in its assessment of reasonable fees. *See, e.g., Gulfstream III Assocs., Inc.*, 995 F.2d at 422 (noting a "district court's power to reduce the fee award by excluding time as excessive [or] duplicative . . . ."); *Equivest St. Thomas, Inc. v. Virgin Islands*, 46 V.I. 447, 454 (D.V.I. 2004) (reducing a fee award where there was some "duplication of effort")

Banco Popular also seeks indemnification for conferences and communications between its own attorneys and legal staff. Such expenses are duplicative, and are not to be included in an assessment of reasonable fees. *See See Morcher v. Nash*, 32 F. Supp. 2d 239, 241 (D.V.I. 1998) ("Multiple lawyer conferences, not involving opposing counsel . . . involve duplicative work."); *Jo-Ann's Launder Ctr., Inc.*, 31 V.I. at 235 & n.8 (taking into consideration "[a]ny duplication of effort in the hours charged by plaintiff's counsel for meetings").

Furthermore, this matter involved run-of-the-mill debt and foreclosure claims and was disposed of at the default judgment stage, obviously without opposition from either of the

Defendants. The issues were not novel, but, rather, "relatively commonplace." *See*, *e.g.*, *Good Timez, Inc. v. Phoenix Fire & Marine Ins. Co.*, 754 F. Supp. 459, 463 (D.V.I. 1991) ("In computing what is a reasonable award of attorney's fees in a particular case, the court should consider, among other things, the novelty and complexity of the issues presented in that case." (citing *Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 168 (3d Cir. 1973)).

The Court will reduce the fee award to reflect the circumstances outlined above. *See Home Depot, U.S.A. v. Bohlke Int'l Airways*, Civ. No. 1998-102, 2001 U.S. Dist. LEXIS 6935, at *1-2 (D.V.I. Apr. 30, 2001) ("The decision whether to award attorney's fees to a prevailing party is entirely within the Court's discretion." (citation omitted)).

For the reasons given above, it is hereby

**ORDERED** that the Defendants shall be liable to Banco Popular for attorney's fees and costs in the amount of $1,000.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**